UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LESTER P. IRVING, A31-288-133,

              Petitioner,

v.                                            DECISION AND ORDER

                                                15-CV-824-V

JEFFERSON B. SESSIONS III, Attorney
General of the United States; THOMAS P.
BROPHY, Acting Director, Buffalo Field
Office, Enforcement and Removal
Operations, U.S. Immigration and Customs
Enforcement; DEPARTMENT OF
HOMELAND SECURITY;TODD
TRYON, Facility Director, Buffalo Federal
Detention Facility and ORAL PASCOE, Security
Attache for the Jamaican Embassy,

              Respondents.[1]
_____

The pro se petitioner, Lester P. Irving, seeks reconsideration of a decision and order issued on January 19, 2016, by United States District Judge John T. Curtin, denying his petition for a writ of habeas corpus and dismissing the case.[2] In his petition for a writ of habeas corpus, the petitioner sought relief from his continued administrative custody and detention pending removal under 28 United States Code Section 2241. For the reasons set forth below, the petitioner's motion for reconsideration is denied as moot.

---

[1] The Clerk of Court shall amend the caption as set forth above. *See* Fed. R. Civ. P. 25(d) (automatic substitution of public officers).

[2] This case was transferred to the undersigned on July 25, 2016, due to the retirement of Judge Curtin.

The Court incorporates by reference the "factual background" and "procedural history" as set forth in Judge Curtin's decision and order signed on January 13, 2016, and filed on January 19, 2016. *See* Docket Item 11 at 2-7. On February 2, 2016, Irving filed the instant motion for reconsideration. Docket Item 13. As directed by Judge Curtin, the respondents filed their response in opposition to the motion for reconsideration on March 2, 2016. Docket Items 15 and 16. On March 21, 2016, the petitioner filed a reply memorandum. Docket Item 18. In its supplemental affidavit filed on July 27, 2016, the respondents informed this Court that under the authority of a warrant of removal and deportation, the petitioner was removed from the United States to Jamaica on June 30, 2016. Docket Item 19. Counsel for the respondents has submitted a copy of the United States Department of Homeland Security "Warrant of Removal/Deportation" verifying the petitioner's removal. Docket Item 19-1.

Accordingly, because Irving has been removed and no longer is in the custody of the Department of Homeland Security, his motion for reconsideration of the dismissal of his petition is moot.[3]

---

[3] *See Arthur v. DHS/ICE*, No. 09-CV-6130-CJS-VEB, at 5 (W.D.N.Y. April 15, 2010) (Docket Item 19, Report and Recommendation) (finding petition for writ of habeas corpus seeking release from detention pending removal to be moot upon removal of petitioner); *Masoud v. Filip*, 2009 WL 223006 (W.D.N.Y. Jan. 27, 2009) (accepting Report and Recommendation of United States Magistrate Judge Victor E. Bianchini) (finding petition for a writ of habeas corpus filed under 28 United States Code Section 2241 seeking release from detention pending removal to be moot upon release of petitioner from detention pursuant to order of supervision); *see also Leybinsky v. United States Immigration and Customs Enforcement*, 553 Fed. Appx. 108 (2d Cir., Feb. 10, 2014) (summary order) (finding that petitioner's release from ICE custody pending removal pursuant to final order of removal moots petition for writ of habeas corpus, pursuant to 28 United States Code Section 2241, and "capable of repetition yet evading review" exception to mootness doctrine does not apply);

The Clerk of Court is directed to forward a copy of this order to petitioner at the address set forth on the Western District of New York docket, 031288133 Old Porus Road, Porius Manchester, WI, Jamaica.

The Court certifies under 28 United States Code Section 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

This Court DENIES as moot the motion for reconsideration; DISMISSES the petition; and DENIES leave to appeal as a poor person.

SO ORDERED.

Dated: November 29, 2017
      Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

*So v. Reno*, 251 F. Supp. 2d 1112, 1124 (E.D.N.Y. 2003) ("[Petitioner's] challenge to the lawfulness of the length of time that he has been held in the physical custody of the INS is moot. Since [petitioner] has already been deported, it is impossible to grant his request for supervised release or release on bond or supervision until he can be deported.").